# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 13, 2012

144913 & (22)(23)(29)

MEGAN SMITH, *et al.*,
        Plaintiffs-Appellees,

v

DEPARTMENT OF HUMAN SERVICES
DIRECTOR,
        Defendant-Appellant.

_____/

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 144913
COA: 309447
Genesee CC: 11-097052-CZ

On order of the Court, the motion for immediate consideration is GRANTED. The application for leave to appeal prior to decision by the Court of Appeals is considered, and it is DENIED, because the Court is not persuaded that the question presented should be reviewed by this Court before consideration by the Court of Appeals.

The Court of Appeals is DIRECTED to decide this case on an expedited basis, considering whether: (1) the circuit court erred in concluding that defendant may not implement limits on the duration of welfare benefits as part of its authority to establish eligibility criteria for family independence program recipients under MCL 400.57a(3) and/or MCL 400.57b(1)(f) and, if so, (2) whether plaintiffs are entitled to summary disposition on the alternative ground that defendant failed to comply with the requirements of the Administrative Procedures Act, MCL 24.201 *et seq*. The motion for stay is DENIED. The motion for leave to file brief amicus curiae is DENIED as moot.

MARILYN KELLY, J. (*concurring*).

I concur with the decision to deny defendant's application to bypass the Court of Appeals as well as its motion for a stay. I write separately to reflect on the dissent of my colleague.

The grant of a bypass, which he advocates, would entirely deprive the Court of Appeals of its authority to decide the matter. It would also deviate from the normal appellate course that our court rules require.

The grant of a stay, which my colleague also advocates, would not necessarily save the state any costs at all. It would only be if the Court of Appeals were to reverse the decision of the trial court that costs might be unnecessarily incurred. And, of course, I have considered how likely that result is when deciding not to grant a stay. Moreover, the Court has directed the Court of Appeals to act expeditiously, which is all we could ask of ourselves.

MARKMAN, J. (*dissenting*).

I would grant either defendant's motion to bypass the Court of Appeals or its motion for a stay. As a result of the Court's failure to take either of these actions, this case is not afforded the most expeditious and final review possible, and the state will incur significant costs in the interim period. It is a matter of considerable consequence for our constitutional system of separated powers when a trial court enjoins the executive authority from undertaking an action, in this case forbidding the executive from terminating the eligibility of certain recipients of welfare benefits. Such a case raises a question "of considerable delicacy, as it requires one of the co-ordinate branches of the government to pass its judgment on the acts of another, and the presumption is that the executive department has the same desire to keep within constitutional limits as either of the other two." *Dullam v Willson*, 53 Mich 392, 397 (1884). Indeed, it is precisely the purpose of MCR 7.302(B)(4)(b) to expedite the resolution of cases such as this in which an appeal has been taken from a ruling that an "action of the legislative or executive branch of state government is invalid[.]" As the concurrence is well aware, this court rule allows us to "deviate from the normal appellate course" in exactly these circumstances. The need for such expedited review is underscored in this case by the financial implications for the state, as the injunction now in place will cost the state an estimated $7 million per month, in addition to the transitional costs that defendant asserts will be incurred as the result of having to comply with the injunction. I respectfully dissent.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 13, 2012

Clerk

t0413